## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 29 2017, 10:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Appellate Division
Indianapolis, IN

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, IN

# IN THE
# COURT OF APPEALS OF INDIANA

John Amos,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 29, 2017

Court of Appeals Case No.
49A02-1703-CR-517

Appeal from the Marion Superior Court, Criminal Division 16

The Honorable Patrick Murphy, Magistrate

Trial Court Cause Nos.
49G16-1607-F6-020081
49G17-1610-CM-042384

**Vaidik, Chief Judge.**

# Case Summary

John Amos was convicted of multiple misdemeanors and sentenced to probation. At his sentencing hearing the trial court stated that it was not going to impose any costs or fines to him, and the written order reflects this statement. The court then sentenced Amos to probation but made no comment regarding probation fees.

After sentencing, the probation department sought clarification on the court's order and sent a letter to the court asking whether administrative and probation-user fees should be imposed on Amos. The court "approved" the memorandum sent by the probation department, and $340 in fees were charged to Amos. The State concedes that the probation department's letter to the court was not a petition for fees, as required by Indiana statute, and requests that we remand. Thus, we vacate the order charging administrative and probation-user fees and remand for further proceedings.

# Facts and Procedural History

At the conclusion of Amos's bench trial where he was found guilty of invasion of privacy, the trial court sentenced him to one year, all suspended to probation. During sentencing, the trial court stated, "Again, I'm not going to impose any

fine or cost." Cause No. 28001 Tr. Vol. II p. 28.[1] The court did not make any comment regarding probation fees.

[4]     No court costs or fees were entered on the written sentencing orders. However, in a section titled "Monetary Conditions" on the written order of probation, the trial court wrote, "Pursuant to Indiana Statute the minimum fee allowed by law shall be imposed." Appellant's App. Vol. II p. 84. The order also contains a table for setting the monetary obligations of probation. That section of Amos's order provides:

| Monetary Obligation | Misdemeanor Rate | Felony Rate | Ordered Amount |
|---|---|---|---|
| Administrative Fee | 50 | 100 | |
| Alcohol/Drug Services Program | 250 (A Misd) 150 (B & C) | 250 | |
| Child Abuse Fee | 100 | 100 | |
| Countermeasure Fee | 200 | 200 | |
| Court Costs | 183 – 183.50 | 183 – 183.50 | |
| Domestic Violence Fee | 50 | 50 | |
| Drug Interdiction Fee | 200 – 1,000 | 200 – 1,000 | |
| Fine | 0 - 5,000 | 0 – 10,000 | |
| Pre-Trial Fee | 50 | 100 | |
| Probation User Fee | 50 + 20/month | 100 + 30/month | |
| Public Defender Fee | 50 | 100 | |
| Safe School Fee | 200 – 1,000 | 200 – 1,000 | |
| Sexual Assault Victim Fee | 250 – 1,000 | 250 – 1,000 | |

*Id.* (blacked-out sections and blank spaces in original).

---

[1] Amos had two separate bench trials on February 13, Cause Nos. 49G16-1607-F6-28001 and 49G16-1610-CM-42384. The sentencing transcript is included with the transcript for the cause number ending in 28001.

On February 23, the Marion County Probation Department filed a notice with the trial court that Amos was "eligible to be assessed" $340 in probation fees (a $50 administrative fee, a $50 initial probation-user fee, and a $20 per month probation-user fee for twelve months). Appellant's App. Vol. II p. 92. The department sought "clarification as to if the Court wish[ed] to have these fees assessed" against Amos. *Id.* Four days later the trial court issued an "Order on Memorandum of Probation" and "approved" the probation department's memorandum. *Id.* at 93. Thereafter, $340 in probation fees were charged to Amos.

Amos now appeals.

# Discussion and Decision

Amos argues, and the State agrees, that the memorandum sent by the probation department did not constitute a petition to have administrative or probation fees imposed on Amos. We agree. Indiana Code section 35-38-2-1 states that if a defendant is "convicted of a misdemeanor, the court may order the person to pay the user's fee prescribed under subsection (e)." Ind. Code § 35-38-2-1(b). Subsection (e) details the maximum amount the court may order a person to pay for probation fees, including the administrative fee and the probation-user fee. The probation department may petition the trial court to impose or increase a defendant's probation-user fee if the defendant's financial ability to pay has changed while he is on probation. Ind. Code § 35-38-2-1.7(b).

[8] At sentencing, the trial court explicitly stated, "Again, I'm not going to impose any fine or cost." Cause No. 28001 Tr. Vol. II. p. 28. This was reflected in its written sentencing orders when it imposed no court costs or fines. The trial court was silent on the issue of probation fees, despite sentencing Amos to probation. In the written probation order, the court blacked out or left blank each row under the column "ordered amount." Yet, two weeks after the sentencing hearing, the court "approved" $340 in administrative and probation-user fees based on a clarification request from the probation department. The State concedes that this request was not a petition to impose probation fees and asks us to remand. Accordingly, we vacate the order imposing $340 in administrative and probation-user fees and remand to the trial court to clarify what, if any, probation fees will be imposed on Amos, including the category of fee(s) and the amount.[2]

[9] Vacated and remanded with instructions.

Mathias, J., and Crone, J., concur.

---

[2] Amos also argues that if the trial court orders probation fees, it must conduct an indigency hearing at the time the fees are imposed. Amos relies on Indiana Code section 33-37-2-3 to support his argument. This statute states, "[W]hen the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent." Ind. Code § 33-37-2-3(a). But the statute does not dictate **when** this hearing is to occur. If the State seeks to revoke a defendant's probation for failure to pay costs and/or fees, the trial court must hold the indigency hearing **before** revoking probation. *Johnson v. State*, 27 N.E.2d 793, 795 n.1 (Ind. Ct. App. 2015); *see also Whedon v. State*, 765 N.E.2d 1276, 1279 (Ind. 2002) ("[W]hen fines or costs are imposed upon an indigent defendant, such a person may not be imprisoned for failure to pay the fines or costs.").